FILED
JAN - 3 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DARRYL LEE GOLDSTEIN,
    Plaintiff,
v.
NURSE EFREN GARZA, et al.,
    Defendants.

No. C 04-5073 SBA (PR)

**ORDER OF SERVICE AND PROVIDING NOTICE OF INTENT TO VACATE JUDGMENT IN CASE NO. C 03-1556 SBA (PR)**

## INTRODUCTION

Plaintiff Darryl Lee Goldstein, a state prisoner incarcerated at San Quentin State Prison, filed a civil rights action pursuant to 42 U.S.C. § 1983 and an application to proceed in forma pauperis.

Plaintiff has previously raised identical claims to those in this action in a prior civil rights case before this Court.[1] See Goldstein v. Perryman, Case No. C 03-1556 SBA (PR). In that case, the Court dismissed the complaint with leave to amend in an Order dated July 3, 2003. The Court ordered Plaintiff to file, within sixty days, an amended complaint. On May 24, 2004, the Court dismissed without prejudice Plaintiff's previous action for failure to file an amended complaint, and the Court entered judgment on that same date.

On November 30, 2004, Plaintiff filed a civil rights complaint form in the instant action, which included the amended complaint (Pl.'s Ex. M) signed on September 6, 2003 that he intended to file in Case No. C 03-1556 SBA (PR). At the time this action was opened in 2004,

---

[1] The record shows that Plaintiff had filed numerous documents, asserting claims against employees of Santa Clara County based on alleged mistreatment while he was confined at Santa Clara County Jail from December, 2001 to December, 2002, in two prior actions: Goldstein v. Flament, Case No. C 00-0598 SBA (PR) and Goldstein v. Perryman, Case No. C 02-0764 SBA (PR). The Court reviewed the filings, identified a set of documents that present all of Plaintiff's allegations of mistreatment at the Santa Clara County Jail, severed these claims from the two actions, and directed the Clerk of the Court to open a new action with the selected representative documents. The new action was opened as Goldstein v. Perryman, Case No. C 03-1556 SBA (PR).

Plaintiff had other cases pending in this Court, including: Goldstein v. Flament, Case No. C 00-0598 SBA (PR); Goldstein v. Perryman, Case No. C 02-0764 SBA (PR); and Goldstein v. Paugh, Case No. C 03-1557 SBA (PR). The record shows that on June 18, 2003 the Court issued a Prefiling Order in Case No. C 00-0598 SBA (PR) and Case No. C 02-0764 SBA (PR), which stated in part: "In any action filed in this Court by Darryl Lee Goldstein, after the initial pleadings have been filed, every paper submitted by Mr. Goldstein for filing shall first be reviewed by the judge presiding over the case and shall be filed only with leave of the Court."[2]

Upon review of the instant civil rights complaint form, it is apparent from its contents that Plaintiff intended to file his amended complaint in Case No. C 03-1556 SBA (PR), and not as a separate civil action because he alleged that the Prefiling Order prevented him from filing his amended complaint in Case No. C 03-1556 SBA (PR).

## DISCUSSION

The Ninth Circuit has ruled that, under Federal Rule of Civil Procedure 60(b), a court may sua sponte relieve a party from a final judgment or order, after notice and an opportunity to be heard. Kingvision Pay-Per-View Ltd. v. Lake Alice Bar, 168 F.3d 347, 352 (9th Cir. 1999) (a judge may change a ruling sua sponte when sufficient reason exists).

Because it is evident that the amended complaint filed in the instant case would have been timely filed in Case No. C 03-1556 SBA (PR) had there not been a Prefiling Order in effect, the Court is providing notice to the parties that it intends to vacate the judgment entered in Case No. C 03-1556 SBA (PR) in order to allow this case to proceed in Plaintiff's previous action.

In the meantime, Plaintiff's amended complaint will be construed as the operative complaint in the instant action. (Pl.'s Ex. M.) The Court now reviews the claims raised in Plaintiff's amended complaint in light of its instructions to him in its July 3, 2003 Order Dismissing Claims with Leave to Amend in Case No. C 03-1556 SBA (PR), and the Court considers whether he states cognizable claims for relief with respect to each of his causes of action.

---

[2] The record shows that the Prefiling Order was eventually lifted on July 1, 2005.

I. **Legal Claims**

A. **Due Process Claims**

The following viable due process claims will be served against:

- Defendants Dr. Earle Sloan, Dr. Moneesha Pinto and Santa Clara County for the failure to provide treatment for Plaintiff's withdrawal from Trazadone in December, 2001 and January, 2002, pursuant to a county policy to deny powerful pain medications to jail inmates;

- Defendant Mental Health Director Christine Ferry under supervisory liability for failure to properly train the mental health staff to adequately follow up on inmates who need medication and mental health treatment; and

- Defendant Nurse Manager Efren Garza for forcing Plaintiff to go to court on June 21, 2002, despite the fact that he had collapsed with chest pains and had received emergency medical treatment that morning.

B. **First Amendment Claim**

The Court finds that Plaintiff has amended his First Amendment claim for an alleged retaliatory cell search on Thanksgiving Day, 2002 by identifying the individual responsible as Defendant Sergeant Patrick Corso.[3] Therefore, the Court will also serve this claim.

C. **Defendants**

1. **Named Defendants**

Plaintiff has named and directly linked to his allegations the following named Defendants: Dr. Earle Sloan, Dr. Moneesha Pinto, Mental Health Director Christine Ferry, Nurse Manager Efren Garza, Sergeant Patrick Corso, and Santa Clara County. Accordingly, the Court will order service of the amended complaint on these Defendants.

2. **Doe Defendants**

In his amended complaint, Plaintiff identifies Doe Defendants, whose names he intends to

---

[3] Plaintiff originally stated that the date of the cell search was on October 21, 2002; however, in his amended complaint, he claims that it took place on Thanksgiving Day, 2002.

3

learn through discovery, in his due process claims: (1) for the denial of treatment for an abscessed tooth in January, 2002; (2) for the denial of adequate medical care based on the June 25, 2002 to December 4, 2002 delay in receiving an eye clinic appointment, which he alleges caused his glaucoma to become worse; and (3) for the denial of eyeglasses from December 16, 2001 to May 14, 2002.

The use of Doe Defendants is not favored in the Ninth Circuit. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). However, where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify them. Id. Failure to afford the plaintiff such an opportunity is error. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999). Accordingly, the aforementioned claims against the Doe Defendants are DISMISSED from this action without prejudice. Should Plaintiff learn their identities, he may move to file an amended complaint to add them as named defendants. See Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

**D.    Withdrawn Claims**

In his amended complaint, Plaintiff requests to withdraw the following claims:

- Due process claim that certain persons forced him to be discharged from Valley Medical Center against medical advice; and

- Due process claim against Defendant Pinto for failing to provide follow up treatment upon his return from the hospital.

Therefore, the aforementioned claims are VOLUNTARILY DISMISSED.

**E.    Remaining Claims**

The Court has reviewed Plaintiff's entire amended complaint and finds that he has failed to remedy the deficiencies of his remaining claims as outlined in the Court's July 3, 2003 Order Dismissing Claims with Leave to Amend in Case No. C 03-1556 SBA (PR). Therefore, all remaining claims against the remaining named Defendants will be DISMISSED WITH PREJUDICE.

## **CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Leave to proceed <u>in forma pauperis</u> is GRANTED (docket no. 3).

2. Defendants have until **seven (7) days** after they have been served to file an objection to vacating the judgment entered in Case No. C 03-1556 SBA (PR). If any of the Defendants file an objection, Plaintiff may file his response **fourteen (14) days** after receiving the objection.

3. The Court has construed as the operative complaint the amended complaint Plaintiff intended to file in Case No. C 03-1556 SBA (PR), which is attached to his complaint and labeled "Exhibit M." The Clerk of the Court is directed to docket Plaintiff's amended complaint as filed on September 6, 2003, the date it was signed.[4]

4. Plaintiff states COGNIZABLE due process claims against Defendants Dr. Earle Sloan, Dr. Moneesha Pinto and Santa Clara County for the failure to provide treatment for his withdrawal from Trazadone in December, 2001 and January, 2002, pursuant to a county policy to deny powerful pain medications to jail inmates.

5. Plaintiff states a COGNIZABLE due process claim against Defendant Mental Health Director Christine Ferry under supervisory liability for failure to properly train the mental health staff to adequately follow up on inmates who need medication and mental health treatment.

6. Plaintiff states a COGNIZABLE due process claim against Defendant Nurse Manager Efren Garza for forcing Plaintiff to go to court on June 21, 2002, despite the fact that he had collapsed with chest pains and had received emergency medical treatment that morning.

7. Plaintiff states a COGNIZABLE First Amendment claim against Defendant Sergeant Patrick Corso for an alleged retaliatory cell search on Thanksgiving Day, 2002.

---

[4] The Court notes that because it was the Court's error to direct Plaintiff to file an amended complaint while the Prefiling Order was in effect, there is the potential that the time frame beginning from the time he signed his amended complaint to the time the instant case commenced will be equitably tolled for statute of limitation purposes.

8. Plaintiff identifies Doe Defendants, whose names he intends to learn through discovery, in his due process claims: (1) for the denial of treatment for an abscessed tooth in January, 2002; (2) for the denial of adequate medical care based on the June 25, 2002 to December 4, 2002 delay in receiving an eye clinic appointment, which he alleges caused his glaucoma to become worse; and (3) for the denial of eyeglasses from December 16, 2001 to May 14, 2002. The aforementioned claims against the Doe Defendants are DISMISSED WITHOUT PREJUDICE.

9. Plaintiff's due process claim that certain persons forced him to be discharged from Valley Medical Center against medical advice and his due process claim against Defendant Pinto for failing to provide follow up treatment upon his return from the hospital are VOLUNTARILY DISMISSED.

10. All remaining claims from his previous action and against the remaining named Defendants, including Defendants Lubell, Barry, Park, Lukrich, Hirscher, Natari, Handis, Babcock, Perryman, Employee Services Agency and Santa Clara County Board of Supervisors, are DISMISSED WITH PREJUDICE for Plaintiff's failure to amend his claims to cure the pleading deficiencies.

11. The Clerk of the Court shall issue summons upon the following: **Dr. Earle Sloan, Dr. Moneesha Pinto, Mental Health Director Christine Ferry, Nurse Manager Efren Garza, Sergeant Patrick Corso, and Santa Clara County.** The Clerk shall serve Santa Clara County at the Santa Clara County Counsel's Office, 70 West Hedding Street, San Jose, CA 95110. While Defendants Corso and Ferry can be served at the Santa Clara County Jail, the Court has discovered that Defendants Sloan, Pinto and Garza are no longer employed by the county medical facility. The Court has located their last known addresses.

Because Plaintiff is proceeding in forma pauperis, he is entitled to personal service of Defendants by the United States Marshal. Fed. Rule Civ. P. 4(c)(2).

Good cause appearing therefor, the United States Marshal is hereby ORDERED to attempt to effect personal service upon Defendant Corso and Ferry at the Santa Clara County Jail and upon Defendants Sloan, Pinto and Garza at their last known addresses, which shall be given

to the Marshal and filed under seal. The United States Marshal shall serve Defendants Corso, Ferry, Sloan, Pinto and Garza "personally" or at their "dwelling house or usual place of abode with some person of suitable age and discretion then residing therein," or serve an agent of Defendants Corso, Ferry, Sloan, Pinto and Garza "authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2).

The Clerk shall provide the United States Marshal with the necessary summons and copies of: (1) the amended complaint as well as copies of all attachments thereto (Pl.'s Ex. M); (2) the Court's July 3, 2003 Order Dismissing Claims with Leave to Amend in Case No. C 03-1556 SBA (PR) (docket no. 18 in Case No. C 03-1556 SBA (PR)); and (3) this Order. The United States Marshal shall attempt personal service within **fourteen (14) days**.

The Clerk shall also mail a courtesy copy of this Order to the Santa Clara County Counsel's Office. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

12. The claims in this case have been pending for many years, and there is no reason for further delay. In order to expedite the resolution of this case, the Court orders as follows:

    a. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. In addition, no later than **twenty (20) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date their summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

    b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty (20) days** after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally,

7

> summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce <u>evidence</u> in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff is advised that if he fails to submit declarations contesting the version of the facts contained in Defendants' declarations, Defendants' version may be taken as true and the case may be decided in Defendants' favor without a trial. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

  c. If Defendants wish to file a reply brief, they shall do so no later than **ten (10) days** after the date Plaintiff's opposition is filed.

  d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

  13. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. Leave of Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and

any other necessary witnesses confined in prison.

In order to maintain the aforementioned briefing schedule, all discovery requests must be served on the opposing party on or by **February 29, 2008** and all discovery responses must be served on or by **March 10, 2008.** In the event that Defendants file a motion for summary judgment, Plaintiff shall file his opposition to the motion for summary judgment even if he intends to file a motion to compel discovery. The discovery motion shall be submitted together with Plaintiff's opposition to the motion for summary judgment, and Defendants' response to the discovery motion shall be submitted on or by the date their reply to Plaintiff's opposition is due. If the Court decides any filed discovery motion in Plaintiff's favor, he will be granted the opportunity to file a supplemental opposition to the motion for summary judgment.

14. All communications by Plaintiff with the Court must be served on Defendants, or their counsel once counsel has been designated, by mailing a true copy of the document to Defendants or their counsel.

15. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

16. Extensions of time are not favored, though reasonable extensions will be granted. However, the party making the motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time. The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is issued. Any motion for an extension of time must be filed no later than **seven (7) days** prior to the deadline sought to be extended.

17. Plaintiff's Motion to Screen Complaint (docket no. 13) is GRANTED.

IT IS SO ORDERED.

DATED: 1/3/08

SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

GOLDSTEIN,

        Plaintiff,

v.

GARZA et al,

        Defendant.
        _____/

Case Number: CV04-05073 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 3, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Darryl Lee Goldstein P-79097
California State Prison - San Quentin
San Quentin, CA 94964

Dated: January 3, 2008

                                                Richard W. Wieking, Clerk
                                               By: Jessie Mosley, Deputy Clerk