IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL LEE GOLDSTEIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NURSE EFREN GARZA, et al.,<br><br>　　　　Defendants.<br>_____ / | No. C 04-05073 SBA (PR)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS, ADDRESSING PENDING MOTIONS, AND SETTING BRIEFING SCHEDULE**<br><br>(Docket nos. 36, 54, 55) |

**BACKGROUND**

This is a civil rights action filed by Plaintiff Darryl Lee Goldstein. The following claims for relief are pending against the Defendants named below:

- Due Process claim against Defendants Dr. Earle Sloan, Dr. Moneesha Pinto and Santa Clara County for the failure to provide treatment for Plaintiff's withdrawal from Trazadone in December, 2001 and January, 2002, pursuant to a county policy to deny powerful pain medications to jail inmates;

- Due Process claim against Defendant Mental Health Director Christine Ferry under supervisory liability for failure to properly train the mental health staff to adequately follow up on inmates who need medication and mental health treatment;

- Due Process claim against Defendant Nurse Manager Efren Garza for forcing Plaintiff to go to court on June 21, 2002, despite the fact that he had collapsed with chest pains and had received emergency medical treatment that morning; and

1    -       First Amendment claim against Defendant Sergeant Patrick Corso for an alleged
2            retaliatory cell search on Thanksgiving Day, 2002.

In an Order dated January 3, 2008, the Court ordered service of the amended complaint on the aforementioned Defendants. In the same Order, the Court noted: "Upon review of the instant civil rights complaint form, it is apparent from its contents that Plaintiff intended to file his amended complaint in Case No. C 03-1556 SBA (PR), and not as a separate civil action because he alleged that the Prefiling Order prevented him from filing his amended complaint in Case No. C 03-1556 SBA (PR)." (Jan. 3, 2008 Order at 2.) Because it was evident that the amended complaint filed in the instant case would have been timely filed in Case No. C 03-1556 SBA (PR) had there not been a Prefiling Order in effect, the Court provided notice to the parties that it intended to vacate the judgment entered in Case No. C 03-1556 SBA (PR) in order to allow this case to proceed in Plaintiff's previous action. The Court directed Defendants to file an objection to vacating the judgment entered in Case No. C 03-1556 SBA (PR) if they so objected.

Defendants Corso, Ferry, Sloan and the County have since been served and have all filed an objection to the Court vacating the judgment entered in Case No. C 03-1556 SBA (PR).[1] In their objection, Defendants state the following: (1) the Ninth Circuit in <u>Snell v. Cleveland, Inc.</u>, 316 F.3d 822, 825-28 (9th Cir. 2002), held that a district court cannot <u>sua sponte</u> vacate a judgment without a request by the plaintiff to vacate the judgment; (2) even if Plaintiff had moved to vacate the judgment, it is untimely because the one-year time limit for a motion to vacate judgment is "absolute" pursuant to the Supreme Court in <u>Ackerman v. United States</u>, 340 U.S. 193, 197 (1950); and (3) had the motion to vacate been timely filed, it should still be denied because Defendants will suffer "irreparable prejudice." In his response to the objection, Plaintiff claims that he has made a request to vacate the judgment. Even though the record shows that Plaintiff has moved to vacate the judgment, the Court notes Defendants' objection and agrees that the one-year time limit for a motion to vacate judgment has passed. Therefore, the Court will not vacate the judgment in Case No.

---

[1] To date, Defendants Pinto and Garza have not been served.

2

1 C 03-1556 SBA (PR).  Accordingly, the Court will proceed with Plaintiff's only pending action,
2 Case No. C 04-5073 SBA (PR).
3       Before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint (docket no. 36).
4 For the reasons outlined below, the Court DENIES Defendants' motion and directs the parties to
5 abide by the briefing schedule outlined below.

## DISCUSSION

7       In their motion to dismiss, Defendants claim:  (1) that the doctrine of res judicata prohibits
8 Plaintiff's lawsuit; and (2) that Plaintiff's claim against Defendants Ferry and the County -- involving
9 the failure to provide treatment for Plaintiff's withdrawal from Trazadone -- is barred by the statute
10 of limitations.

11 **I.     Res Judicata**

12       Defendants first contend that Plaintiff's claims are barred by the doctrine of res judicata.
13 Specifically, Defendants assert that Plaintiff's prior lawsuit in Case No. C 03-1556 SBA (PR) "was
14 involuntarily dismissed based on his failure to amend the complaint, thus, it is a final decision on the
15 merits."  (Mot. to Dismiss at 3-4.)  Therefore, Defendants argue that because Plaintiff received a
16 "final judgment on the merits" in Case No. C 03-1556 SBA (PR), then he is barred by the doctrine of
17 res judicata from bringing the same claims in the present action.

18       The federal courts traditionally have adhered to the related doctrines of res judicata and
19 collateral estoppel.  See Allen v. McCurry, 449 U.S. 90, 94 (1980).  Under res judicata, a final
20 judgment on the merits bars further claims by parties or their privies based on the same cause of
21 action.  See Montana v. United States, 440 U.S. 147, 153 (1979).

22       Here, the Court notes that Plaintiff's previous action, Case No. C 03-1556 SBA (PR), was
23 dismissed without prejudice based on Plaintiff's failure to file an amended complaint.  Contrary to
24 Defendant's assertion, there was no final judgment on the merits because the dismissal was without
25 prejudice.  Thus, Defendants' argument is without merit.  Accordingly, the Court DENIES
26 Defendants' motion to dismiss Plaintiff's action on the ground that the suit is barred by the doctrine
27 of res judicata.

28

**II.   Statute of Limitations**

Defendants also contend that Plaintiff's claim against Defendants Ferry and the County is barred by the relevant statute of limitations. (Mot. to Dismiss at 4-5.)

For actions brought under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law. Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). At the time Plaintiff's cause of action accrued, California's statute of limitations for personal injury actions was one year.[2] Cal. Civ. Proc. Code § 340(3) (West Supp. 2002); see also Silva v. Crain, 169 F.3d 608, 610 (9th Cir. 1999) (citing Cal. Civ. P. Code § 340(3)); Elliott v. City of Union City, 25 F.3d 800, 802 (9th Cir. 1994) (same).

It is federal law, however, that determines when a claim for relief accrues and when the statute of limitations begins to run in a § 1983 action. Wallace v. Kato, ___ U.S. ___, 127 S. Ct. 1091, 1095 (2007). Under federal law, a claim generally accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. See TwoRivers v. Lewis, 174 F.3d 987, 991-92 (9th Cir. 1999). Despite this general rule, the Ninth Circuit has declared that it "join[s] the Fourth Circuit in expressing serious doubts that a facial challenge under the First Amendment can ever be barred by a statute of limitations." Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004) (citing Nat'l Adver. Co. v. City of Raleigh, 947 F.2d 1158, 1168 (4th Cir. 1991)).

In the instant case, the date of accrual began when Defendants Ferry and the County allegedly failed to provide treatment for Plaintiff's withdrawal from Trazadone in December, 2001 and January, 2002. Defendants argue that Plaintiff had until January, 2003 at the latest to file his § 1983 claims. Therefore, Defendants assert that because Plaintiff filed his original complaint in his previous action, Case No. C 03-1556 SBA (PR), on April 11, 2003, more than one year after

---

[2] Effective January 1, 2003, the new California statute of limitations for assault, battery, and other personal injury claims became two years as opposed to only one year. Cal. Civ. Proc. Code § 335.1. This new statute of limitations does not apply retroactively, Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004), so the appropriate limitations period remains one year in the instant case.

4

Plaintiff's claim accrued in January, 2002, his claim is barred by the applicable one-year statute of limitations.

Plaintiff claims that he originally filed the claim at issue on "October, 2002" when he filed another previous action, <u>Goldstein v. Perryman</u>, C 02-764 SBA (PR). The record shows that the Court reviewed Plaintiff's allegations in an Order of Service dated July 1, 2005 in Case No. C 02-764 SBA (PR), Plaintiff stated that he received no treatment after he was arrested on December 16, 2001 and held at the county jail for thirty days while medical staff there attempted to verify his medical needs. (July 1, 2005 Order in Case No. C 02-764 SBA (PR) at 3.) He also included allegations that he was "forced to withdraw 'cold turkey' from a powerful psychoactive drug, which aggravated his other health problems, including hypertension, glaucoma, epilepsy and depression." (<u>Id.</u>) In another Order dated March 31, 2003 in Case No. C 02-764 SBA (PR), the Court noted that Plaintiff "filed numerous documents in both actions asserting claims against employees of Santa Clara County, based on alleged mistreatment while he was confined in Santa Clara County Jail from December 2001 to December 2002." (Mar. 31, 2003 Order in Case No. C 02-764 SBA (PR) at 1.) The Court noted that Plaintiff filed a "Proposed Supplemental Pleading, received in action 02-0764 on October 21, 2002" and directed the Clerk of the Court to file that document and other similar documents relating to his claims against the County in a new action. (<u>Id.</u> at 2.) That new action was opened on April 11, 2003 as Case No. C 03-1556 SBA (PR). Thus the record shows that the "original complaint" the Defendants claim was "filed" on April 11, 2003 was originally filed in Case No. C 02-764 SBA (PR) and received on October 21, 2002. Therefore, the Court finds that October 21, 2002 is the date the claim at issue was filed in federal court. Accordingly, even without tolling, the claim at issue is timely because it was filed on October 21, 2002 in Case No. C 02-764 SBA (PR) before the limitations period expired in January, 2003.

Even if the Court used April 11, 2003 as the date the claim at issue was filed, the claim is still timely because Defendants overlook the fact that this Court also must give effect to California's tolling provisions. <u>See</u> <u>Hardin v. Straub</u>, 490 U.S. 536, 543-44 (1989); <u>Johnson v. California</u>, 207 F.3d 650, 653 (9th Cir. 2000); <u>Fink v. Shedler</u>, 192 F.3d 911, 914 (9th Cir. 1999). Under California

5

Civil Procedure Code § 352.1, the one-year limitation period applicable to Plaintiff's claim was tolled for two years starting at the time of Plaintiff's arrest on December 16, 2001. See id.; see also Elliott, 25 F.3d at 803 (arrest and incarceration triggers tolling under former Cal. Civ. Proc. Code § 352(a)(3), now § 352.1). The one-year limitation period accordingly did not begin running against Plaintiff any earlier than December 16, 2003, and did not expire any earlier than December 16, 2004. Therefore, the Court finds that the claim at issue is timely because tolling applies and the limitations period had not yet even began to run on April 11, 2003, the date Defendants claim the "original complaint" in Plaintiff's previous action was "filed."

Accordingly, the Court DENIES Defendants' motion to dismiss on the ground that Plaintiff's claim against Defendants Ferry and the County is barred by the relevant statute of limitations.

## CONCLUSION

For the reasons set forth above,

1. Defendants' motion to dismiss (docket no. 36) is DENIED.

2. Because the Court has noted Defendants' objection and has denied Defendants' motion to dismiss, their Motion to Change Court-Ordered Deadlines and their Motion for a Hearing to Change Court-Ordered Deadlines (docket nos. 54, 55) are DENIED as moot.

3. The claims in this case have been pending for many years, and there is no reason for further delay. In order to expedite the resolution of this case, the Court orders as follows:

   a. No later than **thirty (30) days** from the date of this Order, Defendants shall file a motion for summary judgment or other dispositive motion.[3] The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they

---

[3] As mentioned above, Defendants Pinto and Garza have not yet been served in this action; therefore, in a separate Order the Court has directed Plaintiff to provide the Court with their current addresses. If Plaintiff fails to do so within the twenty-day deadline set in that Order, then all claims against Defendants Pinto and Garza will be dismissed without prejudice under Rule 4(m). Thus, the Court notes that even if there are unserved Defendants in this action, all served Defendants are directed to abide by the briefing schedule in this Order.

6

shall so inform the Court prior to the date their summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

    b.  Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce <u>evidence</u> in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff is advised that if he fails to submit declarations contesting the version of the facts contained in Defendants' declarations, Defendants' version may be taken as true and the case may be decided in Defendants' favor without a

trial. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

          c.      If Defendants wish to file a reply brief, they shall do so no later than **ten (10) days** after the date Plaintiff's opposition is filed.

          d.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

    4.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure. Leave of Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

In order to maintain the aforementioned briefing schedule, all discovery requests must be served on the opposing party on or by **May 23, 2008** and all discovery responses must be served on or by **June 20, 2008.** In the event that Defendants file a motion for summary judgment, Plaintiff shall file his opposition to the motion for summary judgment even if he intends to file a motion to compel discovery. The discovery motion shall be submitted together with Plaintiff's opposition to the motion for summary judgment, and Defendants' response to the discovery motion shall be submitted on or by the date their reply to Plaintiff's opposition is due. If the Court decides any filed discovery motion in Plaintiff's favor, he will be granted the opportunity to file a supplemental opposition to the motion for summary judgment.

    5.      All communications by Plaintiff with the Court must be served on Defendants by mailing a true copy of the document to Defendants' counsel.

    6.      It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    7.      Extensions of time are not favored, though reasonable extensions will be granted. However, the party making the motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of

time.  The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is issued.  Any motion for an extension of time must be filed no later than **seven (7) days** prior to the deadline sought to be extended.

      8.      This Order terminates Docket nos. 36, 54 and 55.

IT IS SO ORDERED.

DATED: 4/23/08

                                                  SAUNDRA BROWN ARMSTRONG
                                                  United States District Judge

P:\PRO-SE\SBA\CR.04\Goldstein5073.denyingMTD&settingSCHED.wpd

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLDSTEIN, | Case Number: CV04-05073 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| GARZA et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 24, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Darryl Lee Goldstein
101 Hyde Street
San Francisco, CA 94102

Dated: April 24, 2008
Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.04\Goldstein5073.denyingMTD&settingSCHED.wpd